IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM C. HILL,

    Plaintiff,　　　　　　　　No. 2:12-cv-2918 CKD P

  vs.

DAVID M. FOLLETTE, M.D.,

    Defendant.　　　　　　　　ORDER

_____/

      Plaintiff, a state prisoner, proceeds pro se with a complaint labeled as a personal injury/malpractice complaint. Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Additionally, plaintiff has consented to jurisdiction by a United States Magistrate Judge.

      I. In Forma Pauperis

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, his request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C.

1

1  § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding
2  month's income credited to his prison trust account. These payments shall be collected and
3  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
4  account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

5              II.  Screening of Plaintiff's Claims

6              The court is required to screen complaints brought by prisoners seeking relief
7  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
8  § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
10 granted, or that seek monetary relief from a defendant who is immune from such relief. 28
11 U.S.C. § 1915A(b)(1),(2).

12             A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
14 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
15 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
16 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
17 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
18 Cir. 1989); Franklin, 745 F.2d at 1227.

19             In order to avoid dismissal for failure to state a claim, a complaint must contain
20 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
21 of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other
22 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
23 statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim
24 upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
25 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
26 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.

at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff brings the instant complaint against David M. Follette, M.D., whom he states is a health care contractor at Mercy General Hospital of Sacramento.  Plaintiff alleges that Dr. Follette provided negligent medical care to plaintiff in regard to a procedure performed on February 16, 2012.

It is well-established that federal courts are courts of limited jurisdiction and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stockwest, Inc. v. Confederate Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted); Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "Without jurisdiction [a] court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining in every federal case [is] that of announcing the fact and dismissing the cause."  Ex parte McCardle, 74 U.S. 506, 514 (1868).

Petitioner has failed to allege a federal claim over which this court has jurisdiction.  Claims of negligence and/or medical malpractice arise under state law, not federal law.  See James v. Sunrise Hosp., 86 F.3d 885, 886 (9th Cir. 1996) ("Medical Malpractice is a state law tort.").  Thus, there exists no independent basis of federal jurisdiction for petitioner's claim.  See generally Aragon v. Federated Dept. Stores, Inc., 750 F.2d 1447, 1457-58 (9th Cir. 1985) (holding that a federal court has no independent basis of jurisdiction over a state law legal malpractice claim).

Although petitioner does not bring his claim under 42 U.S.C. § 1983, the court notes that section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law.  E.g., Patel v. Kent School Dist., 648 F.3d

965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 imposes two essential requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or the laws of the United States." Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986).

A prisoner can maintain an Eighth Amendment claim based on prison medical treatment by showing "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-06).

Here, plaintiff has not alleged that Dr. Follette was acting under color of state law, or that his actions in providing medical care rose to the level of deliberate indifference.

/////

### III. Conclusion

Construing the complaint and its attachments in the light most favorable to plaintiff, the court finds that plaintiff has not alleged that defendant's actions rose to the level of deliberate indifference under the Eighth Amendment standard set forth above. Nor has he stated a cognizable claim for any other violation of federal law. Although the deficiencies described herein may not be curable by amendment, the complaint will be dismissed with leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

If plaintiff chooses to amend his complaint to attempt to state a cognizable claim, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

In addition, plaintiff is hereby notified that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)). If plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (Dkt. No. 1) is DISMISSED.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 14, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
hill2918.14a.new